IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAOJO DETORI STEWARD,<br>A/K/A "D-BOY," A/K/A "D,"<br>JERON DAMANI GEORGE,<br>WILLIAM RIVERS,<br>DEMETRIUS LEWIS,<br>A/K/A/ "JUNIOR," AND<br>MONTRESE DENTAY GOODWIN,<br>A/K/A "MAN-MAN"<br><br>    Defendants. | CRIMINAL ACTION NO.<br>1:19-CR-435-AT-RDC |

**FINAL REPORT AND RECOMMENDATION**

**Re: Government's Motion for Reconsideration**

This matter is before the Court on Plaintiff's Motion for Reconsideration of Defendants' Motions for Disclosure of Confidential Informants/Sources of Information.[Doc. 135]. Defendant Caojo Steward filed a motion seeking disclosure and access to the confidential informant on July 2, 2020. [Doc. 103]. On the same day, Defendant Montrese Goodwin filed a motion to reveal the identity of the confidential informant and two sources of information – "SOI-2" and "SOI-4." [Doc. 95]. On July 28, 2020, Defendant Jeron George also filed a

motion requesting the identification and location of the confidential informant and a person who was a source of information in order "to fully prepare his defense" and "to assure they can be subpoenaed for court proceedings." [Doc. 114].

These motions were considered by the undersigned during a pretrial conference held on July 31, 2020. [R.118]. Over the government's objection, this Court granted all three motions for disclosure, ordering the Government to disclose the identity and location of the confidential informant and the sources of information by September 14, 2020. The Government filed a motion requesting reconsideration of this Order on September 13, 2020. [Doc. 135]. On January 7, 2021, this Court held a hearing to address the Government's motion and the subsequent responses filed by the Defendants. [Docs. 141, 142, 161]. Following review of Plaintiff's motion, the Defendants' replies, and the transcript of the hearing [Doc. 175], this matter is now ripe for judicial review.

### Factual and procedural background

Caojo Steward, Jeron George, William Rivers, Demetrius Lewis, and Montrese Goodwin are named in a ten count Indictment with conspiracy to distribute controlled substances, attempted Hobbs Act Robbery, assault and various firearms offenses. [Doc. 36]. Mr. Steward is charged with distribution of a controlled substance on or about August 21, 2019 (Count 1) and on or about September 4, 2019

(Count 2). [Doc. 36]. Mr. Steward and Mr. George are charged with conspiracy to distribute a controlled substance between a date unknown to the Grand Jury through on or about October 8, 2019 (Count 3) and possession with intent to distribute a controlled substance on or about October 8, 2019 (Count 4). Mr. Steward, Mr. Rivers, Mr. Lewis and Mr. Goodwin are charged with attempted Hobbs Act Robbery on or about October 8, 2019 (Count 5). Lastly, Mr. Rivers, Mr. Lewis and Mr. Goodwin are charged in Counts 6-10 which allege unlawful possession of firearms and assault charges that occurred immediately following the attempted robbery. (Id.).

This Indictment is based on a drug trafficking investigation conducted by agents with the Atlanta-Carolina's High Intensity Drug Trafficking Area Program ("HIDTA"). [Criminal Compliant, 1:19-MJ-876; Doc. 1 at 4]. The agents utilized a confidential source ("CS") to purchase cocaine from Mr. Steward, who lived in Apartment 209 located at 1090 Hollywood Road in Atlanta. On August 21 and September 4, 2019, the CS successfully purchased cocaine from Mr. Steward. (*Id.*).

On October 8, 2019, a third purchase was arranged between the CS and Mr. Steward. [Criminal Complaint at 4). During this transaction, the CS agreed to purchase several ounces of controlled substances from Mr. Steward for $18,000. (Criminal Complaint at 5). The CS arranged to meet Mr. Steward at his apartment. (*Id.*)

3

At approximately 4:00 p.m., agents drove the CS to their meet location to prepare for the planned transaction, and then dropped the CS off at Hollywood Road and Brooks Avenue. (Criminal Complaint at 5). The CS walked to Unit 209 and knocked on the door. Mr. Steward answered the door and the CS began to initiate the transaction. (*Id*. at 5-6). At approximately 4:12 p.m., a brown Acura TSX parked in front of Unit 209. Mr. George exited the passenger seat of the vehicle, greeted the CS, and retrieved a small black bag from the trunk of the vehicle. (*Id.* at 6). Mr. George then entered Unit 209 with the black bag. (*Id.*).

Approximately three minutes later, Mr. George left Unit 209 empty-handed and entered the passenger seat of the Acura. (*Id.*). The vehicle quickly departed the area. While this occurred, the CS remained on the front porch area of Unit 209. (*Id.*). Agents observed Mr. Steward as he walked back and forth between the front porch area and inside Unit 209. (*Id.*).

At approximately 4:26 p.m., Mr. Steward explained that he was cooking "it" up (referring to the narcotics) and it would take approximately 30 minutes. (*Id.)*. Moments later, agents heard and saw the CS give the pre-arranged verbal and visual danger signals. (*Id.*). Mr. Rivers, Mr. Lewis, and Mr. Goodwin, who were armed, began attacking the CS and attempting to rob him of the $18,000. (*Id.*).

As agents arrived on the property to assist the CS, Mr. Rivers, Mr. Lewis, and Mr. Goodwin ran away from the apartment, firing towards agents as they fled.

(Criminal Complaint at 13). Agents returned fire, striking Mr. Rivers in the leg. Mr. Lewis and Mr. Goodwin ran from the complex while Mr. Rivers returned to the area of Mr. Steward's apartment. (*Id.* at 10.) Mr. Steward and Mr. Rivers went inside the apartment next to Mr. Steward's - Unit 211. (*Id.*). They eventually exited Unit 211 and were detained. (*Id.*). Following the shooting, agents observed Mr. George standing on the upper level of the building complex. He was detained at that time. (*Id.* at 8).

## The parties' contentions

All three Defendants, pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), sought the immediate disclosure of the identity and location of the CS because he was personally involved in all of the events that led to the pending Indictment and because information only the CS could provide would potentially assist in the preparation of their defenses. [*See* Docs. 95, 103, 114]. These requests were granted over the Government's objection during the pretrial conference. [R. 118]. The Government subsequently filed the pending motion for reconsideration of this Court's ruling.[1] In regard to the Defendants' request for disclosure of information regarding the CS, the Government submitted that *Roviaro* did not

---

[1] Mr. Steward moved this Court to reject the Government's motion as untimely filed. The Government argued that he failed to show that he would suffer prejudice if this Court considered the merits of its motion, and that good cause excused the late filing. [R. 175 at 37-38]. This Court agreed and denied Mr. Steward's motion to deny the motion on this ground.

5

require early disclosure of this information because it intended to call the CS to testify at trial [Doc. 135 at 6]. It also noted its concern for the CS' personal safety if required to disclose his/her identity, asserting that the CS was the victim of a violent crime and has been subjected to threats made by the defendants. (*Id*).

Despite the Government's arguments against early disclosure of the CS' identity and location, it has agreed to provide this information "in the weeks leading up to trial…, or in the alternative to make the witness available for interview per the court's direction in order to comply with a safety plan that – any safety plan the court might set in place to protect this witness." [Doc.175 at 11-12]. In light of this concession, this Court will **GRANT IN PART and DENY IN PART** the Government's motion to re-consider this Court's Order requiring immediate disclosure of the CS' identity and location. This Court **ORDERS** the Government to provide this information <u>at least 45 days before trial</u>. The Government is also **ORDERED** to draft a protective order that provides a production framework that allows defense counsel access to this information while reducing any potential risk to the CS.

As for the identity of the two sources of information, Mr. Goodwin re-asserts that he must be provided the identity of these "witnesses" because they informed officers that he who was known by the alias "Man-Man". [Doc 175 at 21]. Relying primarily on *Rovairo* and *United States v. Ayala*, 643 F.2d 244 (11th Cir. 1981), he

6

urges this Court to deny the Government's motion to re-consider the Order requiring disclosure. He argues that this information is "material" to his defense because "the government, obviously, relied on them for purposes of identifying and associating him with the offense." [Doc. 175 at 22]. Additionally, he claims disclosure of the identities of these individuals is crucial because there is no other evidence that can be used "to identify [him] as being the so-called perpetrator of the robbery." (*Id*.). Because "the identities of SOI-2 and SOI-4 are material to Mr. Goodwin's defense of misidentification…their disclosure is required to ensure Mr. Goodwin a fair trial." [Doc. 142 at 5].

The Government disagrees with Mr. Goodwin's characterization of these individuals, stating that they are simply persons who provided information to law enforcement officers that connected Mr. Goodwin to the alias. [Doc. 175 at 14]. It submits that they "were not eyewitnesses, were not participants," and that additional evidence – including DNA and co-conspirators' statements – confirm Mr. Goodwin's identification. (*Id.*). Further, because this information does not advance Mr. Goodwin's theory of defense, the Government argues that disclosure is not required.

Mr. George argues that due process considerations mandate the disclosure of the identity of the witness who stated the he loiters near Mr. Steward's apartment complex because "it is important…to have access to this person and to be able to

7

interview this person who was allegedly shown a photograph of Mr. George by law enforcement a couple of days after the alleged – after the incident, and after seeing this photograph this person says that they had seen Mr. George in the apartment complex hanging out with Mr. Steward." [Doc. 175 at 26]. Because this witness may provide information that is potentially relevant "in terms of establishing some connection between Mr. Steward" and Mr. George, he argues disclosure is required to allow adequate preparation for trial. (*Id.* at 27).

The Government responds by asserting this witness is not a source of information nor a "tipster", but instead is someone who noted Mr. George was often seen near Mr. Steward's complex. [Doc. 175 at 29]. He did not inculpate Mr. George in the alleged offenses, but merely claimed he had "observed [him] in the apartment complex and in the vicinity of Mr. Steward's apartment." (*Id.* at 30). Because this information undermines Mr. George's attempt to disassociate himself from Mr. Steward, the Government argues it does not constitute the type of evidence it must disclose. (*Id.* at 12).

## Discussion

Under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the Government, pursuant to the Due Process Clause, must disclose evidence favorable to the defendant and must disclose impeachment evidence. *United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997). Recently,

8

the Government's *Brady* obligations were expanded by the amendment of Rule 5 of the Federal Rules of Criminal Procedure. Subsection (f)(1) provides:

> (f) REMINDER OF PROSECUTORIAL OBLIGATION.—
> (1) IN GENERAL.—In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

One of the co-authors of subsection (f)(1), United States Senator Dick Durbin, noted the ethical and constitutional obligations prosecutors bear to ensure a defendant's access to favorable and potentially exculpatory evidence, stating:

> The Due Process Clause is enshrined in our Constitution as a check against government overreach, but there are inadequate safeguards in federal law to ensure that this fundamental right is protected for criminal defendants. Our bipartisan bill will help protect the right of the accused to all evidence that would exonerate them and hold accountable prosecutors who fail to comply.

https://www.durbin.senate.gov/newsroom/press-releases/durbin-sullivan-due-process-protections-act-signed-into-law.

In accordance with this new provision, prosecutors in this District are now advised that:

> Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable

9

to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence. The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.[2]

These rules do not provide, however, a constitutional right to discovery in a criminal case. *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987). Therefore, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Additionally, the Constitution does not require the disclosure of the government's witness list. (*Id.*)

Likewise, the Federal Rules of Criminal Procedure do not "requir[e] the Government to supply witness lists or witness statements until that witness has testified on direct examination, unless such information is required sooner by *Brady* or *Giglio*." *United States v. Aiken*, 76 F. Supp. 2d 1339, 1343 (S.D. Fla. 1999); *see*

---

[2] Mr. Steward has made a particularized request pursuant to this amendment. [Doc. 176]. The Government acknowledged its on-going duty to immediately disclosure any evidence that falls within the purview of Fed.R.Evid. 5(f) and will comply as required.

*also United States v. Price*, No. 4:04-cr-7, 2010 WL 1138881, *5 (N.D. Fla. Mar. 19, 2010) ("[T]he Government is not required under Federal Rules of Criminal Procedure or the local rules to disclose to the defense the names of witnesses it intends to call at trial."). As a result, "[a] criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial." *United States v. Cerpas*, No. 10-10352, 2010 WL 3699831, *3 (11th Cir. Sept. 22, 2010) (quoting *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983)); Wright & Henning, 2 Fed. Prac. & Proc. Crim. § 258 (4th ed.) ("It is clear that defendant has no right in noncapital cases to require a list of government witnesses.").

Notably, Eleventh Circuit law clearly holds that the Government is not required to disclose the identities of witnesses it considers to be "tipsters". *United States v. Varella*, 692 F.2d 1352, 1355-56 (11th Cir. 1982)("When the confidential informant is not 'an active participant in the criminal activity, but only a tipster, disclosure is not required…'"); *United States v. Parikh*, 858 F2d 688, 696 (11th Cir. 1988)(quoting *Varella*); *Suarez v. United States*, 582 F.2d 1007, 101 (5th Cir, 1978)(Disclosure of mere tipster's identity is not required by *Roviaro*). Disclosure would only be mandated if the defendants make a particularized showing that the witnesses were active participants in the criminal activity. *Varella*, 629 F.2d at 1355. ( "…where an informer has played a crucial role in the alleged criminal transaction, then disclosure and production of the informer are required to ensure a fair trial.").

11

Although a defendant is not automatically entitled to the government's witness list, a district court has the discretion to allow a defendant access to the government's witness list prior to trial. *United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir. 1971) (rejecting argument that denial of motion for government witness list violated Fifth and Sixth Amendments and concluding that ruling on such a request was in trial court's discretion). However, in order to obtain a witness list, a defendant must show that the "list would be material to the preparation of the defense." *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965).

In the case at bar, the defendants have failed to establish that the disclosure of the identities of these witnesses would materially aid them in the preparation of their defenses. Mr. Goodwin argues that the identity of the SOI's is needed to support his "misidentification" defense despite the fact both individuals claim he utilized the alias "Man-Man". Moreover, the SOI's did not observe the alleged criminal conduct, nor claim Mr. Goodwin was involved in the offenses. Because this evidence does not constitute *Brady* material nor assist in Mr. Goodwin's theory of defense, according to the Government, it is not required to disclose this information.

This Court agrees. As the Supreme Court has declared: "there is no general constitutional right to discovery in a criminal case, and *Brady* did not create one". *Weatherford* at 492 U.S. at 559. Further, Mr. Goodwin's reliance on *Ayala* is misplaced. In *Ayala*, the informant the government failed to disclose prior to trial

was more than a passive observer of the criminal activity that led to the defendant's indictment. *Ayala*, 643 F.2d at 247.  That informant, as opposed to the SOI's in the instant case, was a participant in the activities that led to the drug transaction. (*Id*.). The informant's participation, coupled with the defendant's "demonstration of the relevancy and potential helpfulness of the informer's testimony", required disclosure pursuant to *Roviaro*.  (*Id*. at 246-247).

The SOI's in the case at bar were not participants in the conspiracy, and Mr. Goodwin has failed to show their testimony is relevant or helpful to his defense. Their anticipated testimony actually supports the Government's theory of the case. This is especially true based on the Government's claim that Mr. Goodwin's co-conspirators confirmed his identity to law enforcement agents. Consequently, *Ayala* does not support his argument for disclosure. (See Also, *Hancock at 1286-2187*, where court found non-disclosure of a government witness list was not improper where it appeared the list would not have materially aided the defendant in the preparation of his defense.).

Mr. George also fails to establish that the disclosure of the identity of the person who claimed he observed him near Mr. Steward's apartment will materially aid in his defense. As counsel for Mr. George admitted, this evidence merely suggests "potential relevance" regarding Mr. George's connection to Mr. Steward. [Doc. 175 at 27].  This theory is much too speculative to compel disclosure. (See,

*United States v. Kerris*, 748 F.2d 610, 614 (11th Cir. 1984), where court found mere conjecture concerning the potential relevance of an informant's testimony did not compel disclosure.).

Accordingly, the undersigned **GRANTS** the Government's motion for re-consideration of its Order directing <u>immediate</u> disclosure of the identity and location of the Confidential Source but **DENIES** its objection to pre-trial disclosure of this information. As stated above, the Government is **ORDERED** to disclose this information <u>no later than 45 days before trial</u>.

For the reasons outlined above, this Court **RECOMMENDS** that the Government's motion to re-consider this Court's Order to disclose the identities of "SOI-2" and "SOI-4" be **GRANTED.** Lastly, this Court **RECOMMENDS** that the Government's motion to re-consider this Court's Order to disclose the identity of the individual who claims he observed Mr. George near Mr. Steward's apartment be also **GRANTED.**

IT IS SO **RECOMMENDED** and **ORDERED** this 19th day of February 2021.

_R. Cannon_
REGINA D. CANNON
United States Magistrate Judge